**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4108**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

AUGUSTO ESPINDOLA-PINEDA, a/k/a Estevan Espindola-Ortuna, a/k/a Sapo,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Louise W. Flanagan, District Judge.  (4:15-cr-00029-FL-1)

Submitted:  August 31, 2017              Decided:  September 7, 2017

Before WILKINSON, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Scott L. Wilkinson, SCOTT L. WILKINSON & ASSOCIATES, PC, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Augusto Espindola-Pineda appeals his convictions and 210-month sentence following his guilty plea to conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 500 grams or more of a mixture containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2012), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2012).  On appeal, counsel for Espindola-Pineda filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal.  Although notified of his right to do so, Espindola-Pineda did not file a pro se supplemental brief, and the Government elected not to respond to the *Anders* brief.  Finding no reversible error, we affirm.

Before accepting a guilty plea, the trial court must conduct a colloquy in which it informs the defendant of, and determines that he understands, the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum penalty he faces, and the rights he is relinquishing by pleading guilty.  Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991).  The court also must ensure that the defendant's plea is voluntary and supported by an independent factual basis.  Fed. R. Crim. P. 11(b)(2), (3).  Because Espindola-Pineda did not move to withdraw his guilty plea or otherwise preserve any error in the plea proceedings, we review the adequacy of the plea colloquy for plain error.  *United States v. Massenburg*, 564 F.3d 337, 342 (4th Cir. 2009).

Our review of Espindola-Pineda's Fed. R. Crim. P. 11 hearing transcript leads us to conclude that the magistrate judge substantially complied with the mandates of Rule 11 in accepting Espindola-Pineda's guilty plea. Critically, the transcript reveals that the court ensured that the plea was supported by an independent basis in fact, and that Espindola-Pineda entered the plea knowingly and voluntarily, with an understanding of the consequences. *DeFusco*, 949 F.2d at 116, 120. Accordingly, we discern no plain error in the court's acceptance of Espindola-Pineda's guilty plea.

We review a defendant's sentence for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41, 51 (2007). In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If a sentence is free of "significant procedural error," we then review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51.

Having thoroughly examined the record, we conclude that Espindola-Pineda's sentence is both procedurally and substantively reasonable. The district court properly calculated the Guidelines range, listened to counsel's arguments, and adequately explained its reasons for imposing the chosen sentence. *Id.* at 50. Moreover, Espindola-Pineda fails to rebut the presumption of reasonableness accorded his below-Guidelines sentence. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

3

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Espindola-Pineda's convictions and sentence. This court requires that counsel inform Espindola-Pineda, in writing, of the right to petition the Supreme Court of the United States for further review. If Espindola-Pineda requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Espindola-Pineda.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*